## BLALOCK *v.* THE STATE.

Since by statutory definition the words "practice medicine" embrace the idea of exacting compensation, an indictment charging that the accused did unlawfully "practice medicine," and expressly negativing his having any of the qualifications essential to the lawful practice of medicine, set forth in the Political Code, § 1477, is good in substance, and will support a conviction, although there be no allegation that the accused received or intended to receive compensation.

Argued November 20, — Decided November 29, 1900.

Motion to arrest judgment. Before Judge Littlejohn. Stewart superior court. October 19, 1900.

*B. F. Harrell & Son*, for plaintiff in error.

*F. A. Hooper*, solicitor-general, and *Shepard Bryan*, contra.

LEWIS, J. The accused was indicted, tried, and convicted, in Stewart superior court, for unlawfully practicing medicine. Through his counsel he filed a motion in arrest of judgment, in which is set forth a copy of the indictment. It charges the accused, O. C. Blalock, with the offense of a misdemeanor, "for that the said O. C. Blalock, on the 24th day of August in the year 1900, in the county aforesaid, did then and there unlawfully and with force and arms practice medicine, without then and there being authorized to do so, either by diploma from an incorporated medical college, medical school, or university, nor after having attended one or more full terms at a regularly chartered medical college having been in the active practice of medicine since the year 1866, nor being then and there authorized to practice medicine in 1866, nor having been then and there licensed by the medical board, contrary to the laws of said State," etc. The court overruled the motion in arrest of judgment, upon which error is assigned in the bill of exceptions.

We think the ruling of the court was correct. This indictment

was based upon the Penal Code, §§ 485, 486, and it will be seen that it substantially complies with the provisions of these sections. It was contended, however, by counsel for the accused, that this indictment was fatally defective, in that it did not allege that the accused did illegally practice medicine with the intent of receiving or after having received, directly or indirectly, any gift, bonus, or compensation for his services in prescribing, suggesting, or recommending any drug, medicine, appliance, apparatus, or other agency for the cure of disease. Section 1478 of the Political Code is cited. That section declares: "For the purpose of this Chapter, the words 'practice medicine' shall mean, to suggest, recommend, prescribe or direct, for the use of any person, any drug, medicine, appliance, apparatus, or other agency, whether material or not material, for the cure, relief, or palliation of any ailment or disease of the mind or body, or for the cure or relief of any wound, fracture, or other bodily injury or any deformity, after having received or with the intent of receiving therefor, either directly or indirectly, any bonus, gift, or compensation." This indictment charges the accused with unlawfully practicing medicine. What practicing medicine means is defined by the section of the code above quoted. Every person is supposed to know the law. The accused, then, is presumed to have known what was meant by the term "practice medicine," under our code. That section defines this term, and applies it only to that class of persons who perform the services therein indicated after having received, or with the intent of receiving therefor, either directly or indirectly, any bonus, gift, or compensation. Political Code, § 1477, defines what persons shall practice medicine in this State. It limits them to certain classes, and the section following defines what is meant by the term "practice medicine," which necessarily restricts the application of these words to those who charge compensation for their services as practitioners. It does not appear that any demurrer was filed to this indictment. We presume, of course, that the accused was regularly put upon trial, and took his chances before a jury on the issue of fact as to whether or not he had been unlawfully engaged in practicing medicine; and that the State made out its case, that he was engaged in such service charging or expecting compensation therefor. The indictment was not open to a general demurrer, and certainly the alleged defect in it was not sufficient in support of a motion in arrest of judgment.

*Judgment affirmed. All the Justices concurring.*